## Case No. 3,736a.

### DEEN v. HEMPHILL.

[Hempst. 154.][1]

Superior Court, Territory of Arkansas. July, 1831.

#### APPEAL—DEFECTIVE BOND—CORRECTION.

1. Where an appeal bond is defective, the party may file a new one at any time before the case is finally acted on, and the appeal should not be dismissed.

2. Although the statute uses the term "recognizance," a "bond" is just as effectual, and a sufficient compliance with it.

Error to Lafayette circuit court.

Before ESKRIDGE and CROSS, Judges.

[1] [Reported by Samuel H. Hempstead, Esq.]

ESKRIDGE, Judge. This is an action of debt brought by Asa Deen against Andrew Hemphill, before a justice of the peace of the county of Lafayette. There was a judgment in favor of the plaintiff in the justice's court for the sum of $36 and costs, from which the defendant appealed to the circuit court of Lafayette county. There Deen moved to quash the appeal bond, and dismiss the appeal at the costs of the appellant. The circuit court sustained the motion so far as to quash the bond, but refused to dismiss the appeal, and thereupon, on motion of the appellant, permitted him to file a new bond in lieu of that which had been quashed, to which latter opinion the appellee excepted, and to reverse which he has brought the cause to this court by writ of error.

Two grounds were relied upon in argument for reversing the judgment of the circuit court: First, that the circuit court erred in permitting a new bond to be filed after having sustained a motion to quash the old one; and, second, admitting the circuit court to have decided correctly in receiving the new bond, that the bond thus received is not in conformity with the statute. It is admitted that the decision of the circuit court upon the first question is contrary to the practice which has heretofore generally prevailed in this territory. It is, however, sanctioned by the practice of several of the states, especially by that of the state of Virginia, and seems to be founded on reason. Brown v. Matthews, 1 Rand. 462; 1 Munf. 397. The object in requiring a bond from the party appealing is to secure the rights of the adverse party; and it seems to us, if the bond be given at any time before the suit is finally acted upon by the circuit court, the rights of the party are as effectually protected as if the bond taken by the justice had been valid and sufficient. The fact that the justice failed to take a good bond should not operate to the prejudice of the party. The party does all in his power to comply with the statute, and when the bond is ascertained by the circuit court to be defective, it would be highly unjust that the party should lose his appeal and be subjected to the payment of costs for an error in which he had no agency.

The second point is, that the bond permitted to be given in the circuit court is not in conformity with the statute. The statute, it is true, uses the term "recognizance," not "bond;" but it is not perceived why the one should not be as effectual as the other. Without tracing the legal distinction between a recognizance and a bond, it will be sufficient to observe, that the rights of the appellee are as certainly secured by the one as the other. They are equally binding, and the remedy upon each is equally obvious and direct. There is no error in the judgment, and the same is affirmed.

Judgment affirmed.